UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OFFSHORE-INLAND SERVICES OF ALABAMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> R/V DEEPOCEAN QUEST (ex NADIR), IMO No. 7347823, *in rem*, OCEAN SERVICES, LLC, *in personam*, and CASEMO INTERNATIONAL, S.A., <br><br> Defendants. | CASE NO. C06-0183-JCC <br> *Consolidated with C06-1114-JCC* <br><br> IN ADMIRALTY <br><br> ORDER |
| DEEP OCEAN QUEST, S.A., a foreign corporation, <br><br> Plaintiff, <br><br> v. <br><br> STABBERT MARITIME YACHT & SHIP, LLC, a Washington limited liability company d/b/a Stabbert Maritime Yacht & Ship, Inc.; SMY&S, INC., a Washington corporation d/b/a Venture Pacific Marine Inc.; OCEAN SERVICES, LLC, a Washington limited liability company; STABBERT MARITIME HOLDINGS, LLC, a Washington limited liability company; STABBERT MARITIME, LLC, a Washington limited liability company; STABBERT YACHT AND SHIP, LLC, a Washington limited liability company; STABBERT YACHT AND SHIP HOLDING, LLC, a Washington limited liability company; and DAN STABBERT and his marital community d/b/a Stabbert Maritime Yacht & Ship, Inc., <br><br> Defendants. | |

ORDER – 1

This matter comes before the Court on Defendant Ocean Services, LLC's Motion for Summary Judgment and for Attorneys' Fees (Def.'s Mot. (Dkt. No. 54)). In its Reply, Defendant moves also to strike portions of the Declaration of Brian Tomes and exhibits attached to the Declaration (Def.'s Reply 8–9 (Dkt. No. 75)). The Court has considered all of the papers submitted regarding this motion and determined that oral argument is not necessary. The Court hereby DENIES the motion for summary judgment and rules as follows.

**I.     Background and Facts**

Plaintiff Offshore-Inland Services of Alabama, Inc. is in the business of repairing marine vessels. (Pl.'s First Am. Compl. ¶ 5 (Dkt. No. 23).) In December 2004, Plaintiff was engaged by Defendant Ocean Services LLC, to make some modifications of the vessel DeepOcean Quest (the "Vessel"). (*Id*.) Defendant is a Washington vessel management company that purports to have been acting as the Vessel owner's agent. (*Id*.; Def.'s Mot. 7 (Dkt. No. 54).) From about February through October 2005, Plaintiff performed the work on the Vessel and charged Defendant fees totaling $1,704,713.56. (Pl.'s First Am. Compl. ¶ 6 (Dkt. No. 23).) Plaintiff received partial payment from Defendant in the amount of $1,654,713.56. (*Id*. ¶ 7.) When Defendant refused to pay the balance because of alleged deficient work, Plaintiff filed suit to collect the remaining $50,000.00. (*Id*. ¶ 9.) Plaintiff seeks recovery *in personam* from Casemo Internacional/DeepOcean Quest ("Casemo/DOQ") (the Vessel's owner) as well as from Defendant. (*Id*. ¶¶ 9, 10.)

Defendant now argues that it is entitled to dismissal from this lawsuit because its role vis-à-vis the contract with Plaintiff was that of an agent, acting on behalf of a disclosed principal, and as such, cannot be held liable.[1] (Def.'s Mot. 7 (Dkt. No. 54).) Plaintiff counters that the principal was not adequately disclosed, and more importantly, that Casemo/DOQ denies that Defendant was in fact authorized to act

---

[1] If Defendant is entitled to summary judgment, it seeks attorneys' fees and costs as well. (Def.'s Mot. 2 (Dkt. No. 54).)

ORDER – 2

as its agent. (Pl.'s Resp. 4–7 (Dkt. No. 63).)

## II. Applicable Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). A party opposing a properly supported motion for summary judgment may not rest on the mere allegations of its pleading, but must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## III. Analysis

### A. Was Defendant Authorized to Act as an Agent for Casemo/DOQ?

Defendant states in its motion that "[t]here is no dispute that when Ocean Services ordered the work from Offshore-Inland it was acting for a principal." (Def.'s Mot. 7 (Dkt. No. 54).) To the contrary, however, Plaintiff points out that the ostensible principal denies that Defendant was acting as its agent and claims that Defendant "lacked authority" to bind Casemo/DOQ to the contract with Plaintiff. (Vessel Claimant's Answer, Counterclaim, Crossclaim and Third-Party Claims ¶¶ 5, 16 (Dkt. No. 30).) Defendant makes no attempt to clarify this discrepancy in its Reply. Instead, Defendant assumes that the agency relationship existed and focuses its argument on whether the principal was adequately disclosed. The Court cannot overlook the question of whether in the first place there was an agency relationship.

In order to create an agency relationship, a principal must "manifest[] assent" to the agent's acting on its behalf. Restatement of Agency §1.01 (2006). On the basis of the record at this stage in the proceedings, the Court is unable to find sufficient evidence that Casemo/DOQ manifested the requisite assent to Defendant's acting on its behalf with regard to the contract with Plaintiff. Dan Stabbert, who identifies himself as the principal of Ocean Services, LLC, states that "Ocean Services acted as the agent

ORDER – 3

for the vessel DeepOcean Quest (ex Nadir) in connection with the repair/refit of the vessel." (Stabbert Decl. ¶¶ 1, 2 (Dkt. No. 56).) However, in support of his conclusory statement, Mr. Stabbert provides only the Vessel owner's Jan. 7, 2005 Consent to Action by another of Mr. Stabbert's companies, Stabbert Maritime Yacht & Ship, Inc. (Consent Agreement (Dkt. No. 56 at 6–10).) Specifically, the consent agreement states that:

> all actions taken for the benefit of the Company [DeepOcean LLC, a Mississippi limited liability company whose sole member is the Vessel owner] or on the Company's behalf **by Stabbert Maritime Yacht & Ship, Inc. and/or its agent(s)** prior to and including the date of this Unanimous Consent be and hereby are ratified, confirmed and approved as actions of the Company.

(Consent Agreement 2 (Dkt. No. 56 at 7).) (emphasis added). Nowhere in this consent agreement is Defendant Ocean Services mentioned. In addition to the consent quoted above, there is other evidence in the record that Stabbert Maritime Yacht & Ship, Inc., contracted to become an agent of Casemo/DOQ in January 2005 as part of a Vessel Management Agreement. (Vessel Management Agreement 1 (Dkt. No. 43 at 27).) Defendant Ocean Services, however, was not a party to that contract. In fact, Mr. Stabbert represented to this Court that "Ocean Services was not a party to any agreement with DOQ." (Stabbert Am. Decl. ¶ 2 (Dkt. No. 43).)

Although an agency relationship may be created even in the absence of a written contract between the agent and principal, *see Entm't Research Group, Inc. v. Genesis Creative Group, Inc*., 122 F.3d 1211, 1225 (9th Cir. 1997), Defendant has not carried its burden of showing that such a relationship existed here. Therefore, the Court cannot at this time reach the issue Defendant urges, namely whether the ostensible principal was adequately disclosed to Plaintiff effectively absolving Defendant of liability as a mere agent. Instead, because a material fact exists as to the nature of the relationship between Defendant and the Vessel owner, the Court must deny Defendant's motion for summary judgment.

**B.      Motion to Strike Portions of the Tomes Declaration and Unauthenticated Exhibits**

Defendant requests that the Court strike certain portions of the Declaration of Brian Tomes. (Dkt. No. 66.) The Court, in its discretion, may strike portions of affidavits that are not based on personal

ORDER – 4

knowledge or that would not be admissible as evidence. Fed. R. Civ. P. 56(e). Further, papers referred to in an affidavit and attached thereto must be "sworn or certified." *Id*. However, because the Court's decision on the motion does not rely upon the statements in the Tomes Declaration nor upon the attachments to it, the Court declines to strike them at this time.

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment and for Attorneys' Fees is hereby DENIED.

SO ORDERED this 4th day of October, 2007.

*(signature)*

JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

ORDER – 5