UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OFFSHORE-INLAND SERVICES OF ALABAMA, INC., <br><br> Plaintiff, <br><br> v. <br><br> R/V DEEPOCEAN QUEST (ex NADIR), IMO No. 7347823, *in rem*, OCEAN SERVICES, LLC, *in personam,* and CASEMO INTERNATIONAL, S.A., <br><br> Defendants. | Case No.: CV2:06-0183 JCC <br> *Consolidated with C06-1114 JCC* <br><br> **IN ADMIRALTY** <br><br><br> **ORDER REGARDING ISSUANCE OF PRE-JUDGMENT WRITS OF ATTACHMENT AND GARNISHMENT** |
| DEEP OCEAN QUEST, S.A., a foreign corporation, <br><br> Plaintiff, <br><br> v. <br><br> STABBERT MARITIME YACHT & SHIP LLC, a Washington limited liability company d/b/a Stabbert Maritime Yacht & Ship, Inc.; et al. <br><br> Defendants. | |

This matter comes before the Court on Stabbert Maritime, Inc.'s ("SM, Inc.") Motion for

Issuance of Pre-Judgment Writs of Attachment and Garnishment (Dkt. No. 335) and the

Response by DeepOcean Quest, S.A. ("DOQ") (Dkt. No. 339). The Court, having carefully

**ORDER REGARDING ISSUANCE OF PRE-JUDGMENT
WRITS OF ATTACHMENT** - 1
No. 2:06-cv-00183-JCC

considered these documents and their supporting declarations and exhibits, and being fully advised on the premises, finds as follows.

## I. BRIEF BACKGROUND

After a three-week bench trial on the merits of this matter, this Court issued a short Order announcing its decision and directing the prevailing party, S.M., Inc., to submit proposed findings of fact and conclusions of law. (Order, April 21, 2009 (Dkt. No. 333).) S.M., Inc. is still in the process of preparing its submission to the Court. Therefore, although DOQ's liability on certain of S.M., Inc.'s counterclaims has been determined, judgment has not yet been finalized.

S.M., Inc. contends that once the judgment is finalized, DOQ will owe it more than $488,000 from the ALUCIA hurricane insurance claim; $40,000 for indemnity in the *Offshore-Inland* suit; and reasonable legal fees and costs incurred in this litigation, which S.M., Inc. estimates to be an as-yet undetermined amount presumed to be less than $1.65 million. (Mot. 2–3 (Dkt. No. 335).)

S.M., Inc., now asks the Court to authorize the issuance of a pre-judgment writ of garnishment, requiring FIS Marine, DOQ's insurance broker, to hold all funds received from the underwriters for the ALUCIA insurance claim until the judgment against DOQ to be entered in this matter is satisfied. (*Id*. at 1.) In addition, S.M., Inc., asks that the Court authorize the issuance of pre-judgment writs of attachment, attaching (1) all future payments from the insurance underwriters for the ALUCIA insurance claim and (2) all payments from Deep Ocean Expeditions, LLC ("DOE") until the pending judgment against DOQ to be entered in this matter is satisfied. (*Id*. at 1–2.)

DOQ does not object to the issuance of writs of attachment and garnishment here, except that it argues that the amounts requested to be included are excessive. (Resp. 1–2 (Dkt. No.

339).) In particular, DOQ requests that the writs not include DOQ's proceeds from the potential future sale of the ALUCIA, which could exceed $15 million if the vessel sells for $42 million. (*Id*. at 2.) DOQ also requests no less than five days to object to the form of the writs once they are submitted to the Court. (*Id*. at 3.)

## II. DISCUSSION

### A. Applicable Law

"[T]hroughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing . . . property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). These remedies include attachment and garnishment. FED. R. CIV. P. 64(b). Washington's pre-judgment attachment statute is codified at Washington Revised Code Chapter 6.25 and its pre-judgment garnishment statute at Chapter 6.26.

### B. Pre-Judgment Attachment

DOQ does not oppose S.M., Inc.'s basic contention that pre-judgment writs of attachment may issue here. The Court finds that the requirements of the Washington pre-judgment attachment statute are satisfied. In particular, the statute provides certain grounds upon which a writ may issue, including if the defendant is a foreign corporation or is not a resident of this state. *See* WASH. REV. CODE §§ 6.25.030(1), (2). DOQ—the counterclaim defendant—is a Panamanian corporation. In addition, a writ of pre-judgment attachment may issue because the motion alleges that there is probable cause to believe that DOQ has removed or is about to remove its property from this state, with intent to delay or defraud its creditors, *see* WASH. REV. CODE § 6.25.030(5); that there is probable cause to believe that DOQ has assigned, secreted, disposed of, or is about to assign, secrete, or dispose of, its property with intent to delay or defraud its creditors, *see* WASH. REV. CODE § 6.25.030(6); and that the action is to recover on a contract, express or

implied, *see* WASH. REV. CODE § 6.25.030(10).

The statute further requires that DOQ have adequate notice and an opportunity to be heard. *See* WASH. REV. CODE § 6.25.070. The Court finds that this requirement has been satisfied. The Court set an expedited briefing schedule on the motion, and DOQ has filed a timely response to the motion. (*See* Minute Order, May 1, 2009 (Dkt. No. 338); Resp. (Dkt. No. 339).) The Court also gave DOQ the opportunity to be heard at a show cause hearing on Tuesday, May 5, 2009, at 9:00 a.m. However, DOQ declined the hearing. In addition, as noted above, the Court presided over a three-week bench trial in this matter, and has already determined the issue of DOQ's liability to S.M., Inc. Therefore, the "probable validity of the claim sued on" and "probable cause to believe that the alleged ground for attachment exists" has been established by S.M., Inc., without the need for an additional hearing.

Washington's pre-judgment attachment statute further provides that before the writ of attachment issues, the party seeking the writ shall execute and file a bond "in no case less than three thousand dollars . . . and double the amount for which plaintiff demands judgment, or such other amount as the court shall fix" to compensate the opposing party in case the writ is determined to be wrongfully sued out. WASH. REV. CODE § 6.25.080. However, in this case, as stated above, the Court has already determined that DOQ is indebted to S.M., Inc. As such, the Court finds little likelihood that the writ of garnishment will be determined to have been brought wrongfully. The Court therefore sets the bond at only $3,000.

The sole issue in dispute as to the writ of attachment is what, precisely, should be attached. DOQ does not appear to dispute that the writ may include the future payments from the insurance underwriters for the ALUCIA hurricane insurance claim. (Resp. 2 (Dkt. No. 339).) In addition, DOQ does not oppose including its $638,781 bankruptcy claim from Deep Ocean

Expeditions, LLC ("DOE"). (*Id.*) DOQ argues that these amounts, plus the $1.2 million held in escrow will fully cover any judgment amount owed to S.M., Inc. (*Id.*) DOQ therefore argues that S.M., Inc.'s request to include "all payments" from DOE is excessive, since the amount that would be owed to DOQ from a potential sale of the vessel—80% of net proceeds of a potential $42 million sale—would far exceed the amount DOQ will owe S.M., Inc. (*Id.*)

The Court agrees that, as phrased in the motion, the amount requested to be attached by S.M., Inc. appears excessive. Accordingly, the Court hereby ORDERS that S.M., Inc., shall file, as soon as practicable, a proposed writ of pre-judgment attachment, attaching (1) any payments or right of payment or reimbursement from the insurance underwriters or FIS Marine to DOQ relating to its "Heavy Weather- Hurricane Katrina" insurance claim and (2) any payment or right of payment from DOE to DOQ in relation to its bankruptcy claim until further order of this Court or full satisfaction of judgment in this matter. To the extent that S.M., Inc. believes that any proceeds from the future sale of the ALUCIA should be included in the writ, S.M., Inc. shall include such amount in the proposed writ and shall file a short explanation of such amount in a reply to DOQ's Response (Dkt. No. 339). DOQ shall have five days to file any objections or otherwise respond to the form of the proposed writ once DOQ has filed it.

### C. Pre-Judgment Garnishment

A pre-judgment writ of garnishment may issue on the same grounds as the writ of attachment, discussed above. *See* WASH. REV. CODE §§ 6.26.010(1), 6.25.030. The Court finds, also as discussed above, that DOQ has had adequate notice and an opportunity to be heard on whether a writ of garnishment may issue. *See* WASH. REV. CODE § 6.26.060.

Washington's pre-judgment garnishment statute provides that the bond shall be "in double the amount of the debt claimed . . . , or such other amount as the court shall fix" in case

the garnishment is determined to be wrongfully sued out. WASH. REV. CODE § 6.26.020. Because the Court has already determined, after a bench trial, that DOQ is liable to S.M., Inc., there is little to no likelihood that the writ of pre-judgment garnishment will be determined to have been brought wrongfully. The Court therefore sets the bond at zero.

The Court is persuaded that expediency is required in the issuance of this writ, given that S.M., Inc., has reason to expect that $70,723.83 will be received by FIS this week and thereafter released to DOQ. (Fryer Decl. ¶ 7 (Dkt. No. 336 at 4).) Given that DOQ does not appear to oppose S.M., Inc.'s request that the insurance proceeds be included in the writ, the Court declines to provide DOQ additional time to object to the form of the writ of garnishment to FIS.

Accordingly, the Court hereby ORDERS that the Clerk of Court shall issue a writ of pre-judgment garnishment to FIS Marine as garnishee, requiring garnishee to hold all funds currently held or hereafter received for the benefit of DOQ until further order of this Court or full satisfaction of judgment in this matter. S.M., Inc., is directed to file and submit a proposed writ of garnishment to the Court Clerk for issuance.

DATED this 5th day of May, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**ORDER REGARDING ISSUANCE OF PRE-JUDGMENT WRITS OF ATTACHMENT** - 6
No. 2:06-cv-00183-JCC